UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND JAMES & ASSOCIATES, INC.,

                              Plaintiff,

-v-

VANGUARD FUNDING, LLC,

                              Defendant.

Civil Action No.:

**COMPLAINT**

      Plaintiff, RAYMOND JAMES & ASSOCIATES, INC. ("Plaintiff"), by and through its attorneys Nixon Peabody LLP, as and for its Complaint against Defendant VANGUARD FUNDING, LLC ("Defendant"), alleges as follows:

      1.     Defendant has defaulted on its obligations regarding the purchase and/or sale of asset-backed securities pursuant to a Master Securities Forward Transaction Agreement (the "Agreement") executed between the parties on April 11, 2013, and Plaintiff seeks damages in excess of $377,000 and prejudgment interest thereon, arising from that default, including but not limited to compensatory damages and attorneys' fees and costs.

## JURISDICTION AND VENUE

      2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a) where the Plaintiff is a Florida corporation with its principal place of business in St. Petersburg, Florida; the Defendant is a New York limited liability company with its principal place of business in Garden City, New York; the amount in controversy exceeds $75,000; and the parties have consented to the jurisdiction of this Court pursuant to the Agreement.

      3.     Venue is proper in this Court pursuant to paragraph 14 of Annex I of the Agreement, by which the parties have consented to venue being proper in this Court.

- 2 -

## PARTIES

4.      Plaintiff Raymond James & Associates, Inc. ("Raymond James") is a financial services corporation that is incorporated under the laws of Florida, with its principal place of business in St. Petersburg, Florida.

5.      Upon information and belief, Vanguard Funding, LLC ("Vanguard Funding") is a mortgage lender that is incorporated under the laws of New York, with is principal place of business in Garden City, New York.

## FACTUAL BACKGROUND

6.      On or about April 11, 2013, Raymond James and Vanguard Funding entered into a Master Securities Forward Transaction Agreement, which governs transactions between Raymond James and Vanguard Funding for the purchase and sale of securities.  A true and correct copy of the Agreement is attached hereto as Exhibit "A".

7.      Pursuant to the Agreement, Plaintiff Raymond James entered into transactions for the purchase and/or sale of mortgage-backed and other asset-backed securities at the request of and for the account of Defendant Vanguard Funding.

8.      These transactions, which Plaintiff entered into at the request of and for the account of Defendant, resulted in a debit balance totaling $1,032,656.25 owed by Vanguard Funding to Raymond James, of which $861,171.87 was due on February 11, 2016 and $171,484.38 was due on February 22, 2016.

9.      Defendant failed to make any payments to pay this debit balance owed Plaintiff either on February 11, 2016 or February 22, 2016.

10. Paragraph 7 of the Agreement states that an Event of Default occurs if a party fails on the Settlement Date of any transaction to make any payment of funds or any delivery of Securities required pursuant to a transaction.

11. Paragraph 7(c) of the Agreement states that when an Event of Default occurs, the defaulting party is liable to the nondefaulting party for all reasonable legal fees and other expenses incurred by the nondefaulting party as a result of the Event of Default.

12. Paragraph 7(d) of the Agreement states that when an Event of Default occurs, the defaulting party is liable to the nondefaulting party for interest on any amounts owed by the defaulting party from the date the defaulting party becomes liable for such amounts until the date such amounts are paid in full or otherwise satisfied.

13. On February 11, 2016 and February 22, 2016, Events of Default occurred pursuant to Paragraph 7 of the Agreement.

14. On February 18, 2016, Plaintiff, by and through its counsel, made written demand for repayment to the Defendant for the debit balance that was due pursuant to the Agreement.

15. Defendant paid $25,000.00 toward the total outstanding debit balance of $1,032,656.25 on February 23, 2016, and made a subsequent payment of $204,810.82 on March 1, 2016, leaving an outstanding debit balance of $802,845.43.

16. Though not required to do so, on March 1, 2016, Plaintiff proposed a payment plan by which Defendant would pay $200,000.00 by March 31, 2016, with an additional $25,000.00 due upon acceptance of the payment plan. The parties also agreed that once Defendant made the $200,000.00 and $25,000.00 payments, Defendant would pay Plaintiff a minimum of $50,000.00 weekly towards the outstanding debit balance until totally repaid.

17. The deadline for Defendant to respond to the proposed payment plan was March 2, 2016 at noon. This deadline passed without Defendant accepting the proposal.

18. Thereafter, Plaintiff contacted Defendant on multiple occasions regarding the proposed payment plan, but Defendant did not respond to Plaintiff by either accepting or rejecting the proposed payment plan.

19. On March 9, 2016, Plaintiff, by and through its counsel, made a written demand for repayment to Defendant for the outstanding debit balance.

20. On March 10, 2016, Defendant paid Plaintiff $25,000.00, leaving a debit balance of $777,845.43.

21. On March 31, 2016, Defendant paid $175,000.00 towards the debit balance, seemingly pursuant to the discussed payment plan, leaving a debit balance of $602,845.43.

22. However, the March 31 payment of $175,000.00 was less than the amount called for in the discussed payment plan, by which Defendant had agreed to pay $200,000.00 by March 31, 2016.

23. After Plaintiff sent written demand to Defendant via email for an additional $25,000.00, Plaintiff received a payment in that amount on April 1, 2016, bringing the debit balance to $577,845.43.

24. The first weekly payment of $50,000.00 under the discussed payment plan was due on April 8, 2016. Plaintiff did not receive any payment from Defendant on April 8, 2016.

25. Defendant made its first weekly $50,000.00 payment to Plaintiff on April 15, 2016, leaving a debit balance of $527,845.43.

26. On June 21, 2016, Defendant paid Plaintiff $20,000.00, leaving a debit balance of $507,845.43.

27. After June 21, 2016, Defendant failed to make any additional payments to Plaintiff. Plaintiff filed suit against it for the remaining balance on August 25, 2016 (the "First Action"). The First Action was stylized as *Raymond James & Associates, Inc. v. Vanguard Funding, LLC*, No. 16-cv-6727 (S.D.N.Y. 2016), and was assigned to Judge Ronnie Abrams. A true and correct copy of the Complaint in the First Action is attached hereto as Exhibit "B".

28. Defendant Answered the Complaint in the First Action on September 19. A true and correct copy of the Answer in the First Action is attached hereto as Exhibit "C".

29. The parties underwent mediation on February 13, 2017. During the mediation, the parties agreed to settle their disputes, and memorialized their agreement in a settlement executed on February 16, 2017 (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "D".

30. The Settlement Agreement required that Defendant pay Plaintiff 15 monthly installments, together totaling the settlement amount of $377,000. This amount reflected additional payments that Defendant had made against the principal between the filing of the First Action and the mediation.

31. Per the terms of the Settlement Agreement, Defendant's first payment to Plaintiff was to be in the amount of $30,000, and was to be made on or before March 15, 2017. The second payment was also to be in the amount of $30,000, and was to be made on or before April 15, 2017. From there on, the remaining 13 payments were to be paid in equal monthly installments. *See* Exhibit "D".

32. The parties explicitly covenanted that, "[i]n the event of default of payment . . . [Plaintiff] may immediately re-file the within action and [D]efendant's counsel agrees to accept service thereof." Exhibit "D".

33. In light of the Settlement Agreement, the Court discontinued the case. The Court did not retain jurisdiction over the Settlement Agreement.

34. Defendant failed to make a payment on March 15, 2017, in contravention of its obligations under the Settlement Agreement. Plaintiff granted it an additional week to make the payment; Defendant failed to meet that deadline.

35. Defendant failed to make a payment on April 15, 2017, in contravention of its obligations under the Settlement Agreement.

36. Thus, Defendant has failed to remit any funds to clear its $377,000 obligation under the Settlement Agreement, and continues to owe this amount to Plaintiff, along with the interest thereon.

37. Because these failures constitute defaults of payment under the Settlement Agreement, Plaintiff thus exercises its right to re-file the action to enforce the same rights it had before the negotiation of the Settlement Agreement.

## **COUNT ONE**
(Breach of Contract)

38. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Plaintiff has performed all conditions precedent to Defendant's performance pursuant to the Agreement.

40. By virtue of Defendant's failure and refusal to make payment to Plaintiff in the amount of $861,171.87 on February 11, 2016 and $171,484.38 on February 22, 2016, Events of Default have occurred pursuant to Paragraph 7 of the Agreement, and Defendant is therefore in breach of the Agreement.

41. As a result of Defendant's breach, Plaintiff has suffered damages in the sum of $377,000, together with prejudgment interest thereon at the legal rate and attorneys' fees and expenses incurred as a result of the breach.

## COUNT TWO
(For Money Had and Received)

42. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Defendant is currently indebted to Plaintiff in the sum of $377,000 together with pre-judgment interest thereon at the legal rate and attorneys' fees and expenses.

44. This sum rightfully belongs to Plaintiff and Defendant has benefited from it.

45. Equity and good conscience dictate that Defendant should not keep this sum.

46. Accordingly, Plaintiff seeks damages in the amount of $377,000, together with pre-judgment interest thereon at the legal rate and attorneys' fees and expenses.

## COUNT THREE
(Unjust Enrichment)

47. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Defendant benefited, at Plaintiff's expense, from the services Plaintiff provided in purchasing and/or selling mortgage-backed and other asset-backed securities for, and at the request of, Defendant.

49. Defendant is currently indebted to Plaintiff in the sum of $377,000, together with pre-judgment interest thereon at the legal rate and attorneys' fees and expenses.

50. Equity and good conscience require restitution of this sum to Plaintiff.

51. Accordingly, Plaintiff seeks damages in the amount of $377,000, together with pre-judgment interest thereon at the legal rate and attorneys' fees and expenses.

## COUNT FOUR
(Account Stated)

52. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. Defendant is currently indebted to Plaintiff in the sum of $377,000, together with pre-judgment interest thereon at the legal rate and attorneys' fees and expenses for financial transactions with Plaintiff.

54. Plaintiff and Defendant, by words and/or conduct, agree that this amount is the correct amount owed to Plaintiff.

55. Defendant promised to pay $1,032,656.25 to Plaintiff and, as of the date of this filing, still owes Plaintiff $377,000 of that sum, together with pre-judgment interest thereon at the legal rate and attorneys' fees and expenses.

56. Accordingly, Plaintiff seeks damages in the amount of $377,000, together with pre-judgment interest thereon at the legal rate and attorneys' fees and expenses.

## COUNT FIVE
(Quantum Meruit)

57. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. In good faith, Plaintiff performed services for Defendant in that it purchased and/or sold mortgage-backed and other asset-backed securities for, and at the request of, Defendant.

59. Plaintiff incurred expenses in connection with those services on the reasonable expectation that it would be paid a fair and reasonable fee.

60. Defendant knew or should have known that Plaintiff was acting with this expectation, and Defendant accepted these services without objection.

61. The services Plaintiff performed for Defendant were and are reasonably worth the sum of $1,032,656.25, less payments that have been received by Plaintiff to date, leaving a remainder of $377,000, together with pre-judgment interest thereon at the legal rate and attorneys' fees and expenses.

62. As a consequence of its acceptance of the services and its refusal to pay the remaining balance, Defendant has been unjustly enriched in the amount of $377,000.

63. Accordingly, Plaintiff seeks damages in the amount of $377,000, together with pre-judgment interest thereon at the legal rate and attorneys' fees and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Raymond James & Associates, Inc. prays for judgment as follows:

1. For compensatory damages against Defendant in an amount to be proven at trial, but not less than $377,000;

2. For prejudgment interest at the legal rate on the amounts owed by Defendant pursuant to paragraph 7(d) of the Agreement and pursuant to applicable law;

3. For all attorneys' fees and costs incurred by Plaintiff Raymond James in connection with this action against Defendant pursuant to paragraph 7(c) of the Agreement; and

4. For such other and further relief as the Court deems just and proper.

Dated: May 4, 2017
      Jericho, New York

**NIXON PEABODY LLP**

By: /s/  James W. Weller
     James W. Weller, Esq.
50 Jericho Quadrangle
Jericho, New York 11753
(516) 832-7500
jweller@nixonpeabody.com

*Attorneys for Plaintiff,*
*Raymond James & Associates, Inc.*