```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
RAYMOND JAMES & ASSOCIATES, INC.,                             :
                                                              :      17-CV-3327 (VSB) (SDA)
                                          Plaintiff,          :
                                                              :
               - against -                                    :           ORDER
                                                              :
VANGUARD FUNDING, LLC,                                        :
                                                              :
                                          Defendant.          :
                                                              :
------------------------------------------------------------- X
```

VERNON S. BRODERICK, United States District Judge:

On December 5, 2017, I ordered that default judgment be entered against Defendant Vanguard Funding, LLC on the issue of liability, and referred the matter to United States Magistrate Judge Stewart D. Aaron for an inquest to determine the appropriate amount of damages. (Doc. 20.) Before me is the detailed and thorough Report and Recommendation of Magistrate Judge Aaron, issued on April 16, 2018 (the "Report and Recommendation" or "R&R"), recommending that I award Plaintiff damages in the amount of $377,000.00 with respect to the default judgment entered against Defendant, along with pre-judgment interest and $28,189.00 in attorneys' fees and costs. (Doc. 25.) No objections, timely or otherwise, have been filed.[1] Because I agree with Magistrate Judge Aaron's decision, I adopt the Report and Recommendation in its entirety and award Plaintiff $377,000.00 in damages as a result of Defendant's default on the breach of contract, unjust enrichment, money had and received,

---

[1] Magistrate Judge Aaron's Report and Recommendation advised that "[t]he parties shall have fourteen (14) days . . . from service of this Report and Recommendation to file written objections." (R&R 13.)

account stated, and quantum meruit claims, along with pre-judgment interest at nine percent per annum from February 16, 2017, and $28,189.00 in attorneys' fees and costs.

## I. Factual and Procedural Background

The facts set forth in the Report and Recommendation are incorporated herein by reference unless otherwise noted. Familiarity with those facts is assumed and I recite here only the facts necessary for an understanding of the issues before me.

On May 4, 2017, Plaintiff Raymond James & Associates, Inc., a financial services corporation, initiated this action by filing its Complaint, asserting breach of contract claims. (Doc. 1.) Defendant was served with the Complaint on May 5, 2017, and again on June 12, 2017. (Docs. 7–8.) Defendant did not answer or respond to the Complaint and has not otherwise appeared in this case.

On August 22, 2017, Plaintiff filed a request for default against Defendant and an affidavit in support. (Docs. 10–11.) The Clerk of Court then entered a Certificate of Default against Defendant. (Doc. 12.) Plaintiff sought, and I issued, an Order to Show Cause on September 18, 2017, directing Defendant to show cause why an order should not be issued granting Plaintiff a default judgment. (Doc. 14.) Plaintiff served the Order to Show Cause on Defendant on September 22, 2017. (*See* Doc. 15.) The Order to Show Cause hearing was held on October 11, 2017. Defendants did not appear at the hearing or request an adjournment. At the hearing, I directed Plaintiff to continue its attempts to obtain Defendant's contact information and to inform the Court of the results of those efforts via letter on or before October 18, 2017. On October 18, 2017, Plaintiff filed a letter detailing its continued efforts to contact and serve Defendant, to no avail. (*See* Doc. 17.) On December 5, 2017, I ordered that default be entered

against Defendant on the issue of liability, and referred the matter to Magistrate Judge Aaron for an inquest as to damages. (Doc. 20.)

On December 7, 2017, Magistrate Judge Aaron issued a Scheduling Order instructing Plaintiff to submit proposed findings of fact and conclusions of law with respect to its claimed damages and any other monetary relief no later than January 15, 2018. (Doc. 21.) Magistrate Judge Aaron instructed that Plaintiff's submission should "specifically tie the proposed damages figure to the legal claim(s) on which liability has been established; should demonstrate how Plaintiff arrived at the proposed damages figure; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages." (*Id.*) Plaintiff filed its Proposed Findings of Fact and Conclusions of Law on January 12, 2018, along with two declarations in support. (Docs. 22–24.)

**II.     Analysis**

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y.

2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Court "should take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

I have reviewed Judge Aaron's thorough and well-reasoned Report and Recommendation and find no clear error. Judge Aaron reached his determination after a careful review of Plaintiff's submissions and the controlling law in this District and the Second Circuit. I therefore adopt Judge Aaron's recommended judgment for the reasons stated in the R&R.

### III. Conclusion

Having reviewed the Report and Recommendation for clear error and found none, I hereby adopt the Report and Recommendation in its entirety.

The Clerk of the Court is respectfully directed to enter judgment awarding Plaintiff $377,000.00 in damages against Defendant, along with pre-judgment interest at nine percent per annum from February 16, 2017, and $28,189.00 in attorneys' fees and costs, and close the case.

SO ORDERED.

Dated: May 28, 2019
        New York, New York

Vernon S. Broderick
United States District Judge

4